UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DONNA MORROW, *by and through her Co-Guardians, Gail Lawrence and Terri Giacobbe*,<br><br>    Plaintiff,<br><br>v.<br><br>PORTFOLIO ONE, LLC *d/b/a* MANORCARE HEALTH SERVICES – WASHINGTON TOWNSHIP & PROMEDICA SKILLED NURSING AND REHABILITATION, *et al.*,<br><br>    Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:23-CV-16866-KMW-EAP<br><br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** having come before the Court by way of the Motion of defendants ProMedica Health System, Inc.; HCR ManorCare, Inc.; and HCR Healthcare LLC (together, the "Parent Defendants") to dismiss the Amended Complaint of plaintiff Donna Morrow[1] ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6); and

**THE COURT HAVING CONSIDERED** the Parent Defendants' Motion (ECF No. 7), Plaintiff's Opposition thereto (ECF No. 9), and the Parent Defendants' Reply (ECF No. 12)[2]; and

---

[1] Plaintiff is an incapacitated person who proceeds in this action by and through her co-guardians, Gail Lawrence and Terri Giacobbe.

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain "detailed factual allegations," but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A complaint "that offers 'labels and

1

**THE COURT OBSERVING** that the Amended Complaint asserts various statutory and common law claims concerning certain physical abuse and neglect Plaintiff allegedly suffered while at ManorCare Health Services – Washington Township—a nursing facility operated by defendant Portfolio One LLC ("ManorCare") (ECF No. 1-1 at 29–59); and

**THE COURT FURTHER OBSERVING** that Plaintiff seeks to hold the Parent Defendants liable for the alleged wrongs of ManorCare, their alleged subsidiary[3]; and

**THE COURT CONCLUDING** that the Amended Complaint does not set forth sufficient factual matter plausibly establishing the conditions under which the Parent Defendants could be held liable for the alleged misconduct of their subsidiary[4]; and

---

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not suffice if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

[3] It is axiomatic that "a corporation is a separate entity from its shareholders, and that a primary reason for incorporation is the insulation of shareholders from the liabilities of the corporate enterprise." *N.J. Dep't of Env't Prot. v. Ventron Corp.*, 468 A.2d 150, 164 (N.J. 1983). This principle applies "with equal force" in the context of limited liability companies. *State Cap. Title & Abstract Co. v. Pappas Bus. Servs., LLC*, 646 F. Supp. 2d 668, 679 n.5 (D.N.J. 2009). It is only under certain, limited circumstances where courts may "disregard the corporate form" and "pierce the corporate veil" to hold stakeholders responsible for the actions of their subsidiaries. *Port Drivers Fed'n 18, Inc. v. All Saints Exp., Inc.*, 757 F. Supp. 2d 443, 456 (D.N.J. 2010). To state a claim against a parent company for the misconduct of its subsidiary, the plaintiff bears the burden of pleading sufficient factual matter plausibly establishing that the parent and subsidiary share such a "unity of interest and ownership" that their distinct personalities do not exist. *Prochazka ex rel. Spencer v. Sunrise Senior Living, Inc.*, No. 2:12-CV-04415, 2013 WL 1285271, at *2 (D.N.J. Mar. 26, 2013); *see also Rowen Petroleum Properties, LLC v. Hollywood Tanning Sys., Inc.*, 899 F. Supp. 2d 303, 309 (D.N.J. 2012) (delineating veil-piercing factors under New Jersey law).

[4] Apart from a single, factual allegation concerning the organization and ownership of ManorCare, the Amended Complaint contains no facts plausibly establishing the type of unity of interest and ownership necessary for her claims to move forward. *See* Am. Compl. ¶¶ 13, 17; *see also Prochazka*, 2013 WL 1285271, at *3 (partially dismissing complaint without prejudice where plaintiff failed to allege any facts demonstrating "that [parent] and its subsidiary shared a unity of interest or ownership"); *Wrist Worldwide Trading GMBH v. MV Auto Banner*, No. 10-2326, 2011 WL 5414307, at *5 (D.N.J. Nov. 4, 2011) (rejecting plaintiff's proposed amendment concerning alter-ego theory without prejudice because "bare-boned allegations of undercapitalization and common control and/or management, standing alone, do not rise to the level of plausibility required to survive a 12(b)(6) motion").

**THE COURT FURTHER CONCLUDING** that the Amended Complaint fails to allege any individualized facts that can support an inference that one or more of the Parent Defendants can be held liable for the alleged wrongs[5];

**IT IS** this **15th** day of **April 2024** hereby

**ORDERED** as follows:

A) The Parent Defendants' Motion to Dismiss (ECF No. 7) is **GRANTED**;

B) The Amended Complaint, insofar as it asserts any cause of action against the Parent Defendants, is **DISMISSED WITHOUT PREJUDICE**.[6]

*/s/ Karen M. Williams*
KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE

---

[5] In addition to the pleading burden detailed in n.3, *supra*, a plaintiff must also establish that each "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Consequently, courts in this District generally do not allow "group pleading" because a complaint must allege "sufficient facts to identify each defendant's role." *D'Addario v. Johnson & Johnson*, No. 19-15627, 2020 WL 3546750, at *6 (D.N.J. June 30, 2020). "Putting [these] principles together, courts dismiss claims alleged indiscriminately against multiple corporate defendants without factual allegations warranting an inference that each could be liable." *MHA, LLC v. Amerigroup Corp.*, 539 F. Supp. 3d 349, 365 (D.N.J. 2021). Here, the Amended Complaint's principal allegations make no distinction between any of the named defendants, but rather refers to them collectively simply as "Defendants." *See, e.g.*, Am. Compl. ¶¶ 31–38. Beyond pointing to ownership, she does not offer any specific or otherwise particularized facts as to any of the Parent Defendants from which the Court can infer that they should also be liable for ManorCare's alleged wrongs. Her alternative "agency" and "joint enterprise" theories succumb to these same deficiencies. *See id.* ¶¶ 18–19.

[6] If during the course of discovery Plaintiff obtains facts or other evidence that can plausibly support one or more of her theories of liability against the Parent Defendants, she may seek leave to submit a Second Amended Complaint at that time.